UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PAUL CHERGI,

        Plaintiff(s),

v.

HARRAH'S ENTERTAINMENT, INC.,

        Defendant(s).

2:12-CV-142 JCM (CWH)

**ORDER**

Presently before the court is the report and recommendation of Magistrate Judge Carl W. Hoffman (doc. # 5) dismissing plaintiff's complaint *with* prejudice. Plaintiff timely filed objections. (Doc. # 11).

**I.    Complaint**

Plaintiff filed a complaint that appears to allege that Harrah's violated his Fourth and Fifth Amendment rights. To the best the court can determine, plaintiff alleges that Harrah's violated his constitutional rights because plaintiff is entitled to approximately $700 million in earnings from a "seed bet" made with Harrah's. According to plaintiff, Harrah's has failed to pay him the $700 million owed to him. Further, plaintiff also appears to allege that Harrah's violated his constitutional rights by unlawful taking his DNA.

**II.    Recommendations**

The magistrate judge dismissed plaintiff's complaint on three grounds. First, "[p]laintiff does

**James C. Mahan**
**U.S. District Judge**

1  not allege a violation of 'the Constitution, laws, or treaties of the United States' and, therefore . . .
2  there is no jurisdiction based on a federal question." (Doc. # 5).

3        Second, the magistrate judge found that plaintiff's current complaint was barred by res
4  judicata because "[p]laintiff's current case arises out of the exact same set of alleged facts as" a prior
5  case filed by plaintiff in Georgia. (*Id.*). In *Chergi v. Harrah's Entertainment*, No. 7:11-cv-00168
6  (M.D. Ga., Dec. 14, 2011), a Georgia court screened plaintiff's complaint pursuant 28 U.S.C. §
7  1915(e) and found the claims that "[p]laintiff's claim that a casino/hotel defrauded him out of $100
8  billion dollars while he was in prison to be factually frivolous." (*Id.*).

9        Third and finally, the magistrate judge dismissed plaintiff's complaint because the court
10 "makes the same finding of frivolousness as the Georgia court." (*Id.*). The magistrate judge also
11 found that plaintiff "provides no details regarding how he was defrauded or why he is entitled to over
12 $700 million for the alleged defrauding . . . Plaintiff is serving a life sentence for armed robbery and
13 has been in prison since 1996." (*Id.*).

14 **III.   Objections**

15       Plaintiff filed objections to the report and recommendation (Doc. # 11) apparently because
16 he alleged Fourth and Fifth Amendment claims so there is a federal question, res judicata violates
17 his due process rights, and the defendant violated his life, liberty and property by imprisoning him
18 and unlawfully taking his blood and DNA. (*See id.*).

19 **IV.   Discussion**

20       The court affirms the report and recommendation in its entirety. The magistrate judge
21 correctly found that plaintiff did not allege a violation of the Constitution, its laws, or treaties of the
22 United States to secure federal jurisdiction under 28 U.S.C. § 1331. Harrah's, as a private
23 corporation, cannot violate plaintiff's Fourth Amendment rights. Even if Harrah's could violate
24 plaintiff's Fifth Amendment rights pursuant to a statutory scheme, the court finds that plaintiff's
25 allegations that Harrah's owes him $700 million and stole his DNA frivolous.

26       Second, "res judicata (or claim preclusion) bars all grounds for recovery which could have
27 been asserted, whether they were or not, in a prior suit between the same parties . . . on the same

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

cause of action." *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998). "The central criterion in determining whether there is an identity of claims between the actions is whether the two suits arise out of the same transactional nucleus of facts." *Filion v. CMS-Carrington Mortg. Servs., LLC*, 3:10-cv-00308, 2010 WL 2954228, at *2 (D. Nev. July 23, 2010).

The magistrate judge correctly found that plaintiff filed two actions against Harrah's - the first in Georgia and the second in Nevada. In both, plaintiff alleges that Harrah's owes him an incredible sum based on a bet that occurred on January 8, 2008. Plaintiff's claims in this action are precluded by the prior action, and res judicata does not violate plaintiff's due process rights.

Finally, the magistrate judge correctly found plaintiff's claims to be frivolous. To begin, plaintiff has been incarcerated since 1996, and does not state how he was in a position to even be defrauded by Harrah's in 2008. Additionally, the magistrate judge correctly found that "plaintiff provides no details regarding how he was defrauded or why he is entitled to over $700 million for the alleged defrauding." (Doc. # 11).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that the report and recommendation of Magistrate Judge Carl W. Hoffman (doc. # 5) dismissing plaintiff's complaint WITH prejudice (doc. # 6) be, and the same hereby is, AFFIRMED in its entirety.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that plaintiff's complaint (doc. # 6) be, and the same hereby is, DISMISSED WITH PREJUDICE.

DATED October 5, 2012.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 3 -